**TOWN OF BROOKLINE, Plaintiff,**

v.

**OPERATION RESCUE, et al.,**
**Defendants.**

**Civ. A. No. 89–0805–MA.**

United States District Court,
D. Massachusetts.

April 29, 1991.

David Lee Turner, Town Counsel, Brookline, Mass., for plaintiff.

Joseph L. Kociubes and Robin A. Driskel, Bingham, Dana & Gould, Boston, Mass., for Harriet Fremont–Smith.

Frank L. McNamara, Boston, Mass.

Cornelius J. Sullivan, Mattapan, Mass.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is an action by the Town of Brookline ("Town") brought against Operation Rescue and various associated individuals (referred to collectively herein as "Operation Rescue"). The Town claims, among other things, that Operation Rescue's conduct in engaging in anti-abortion protests at abortion clinics located in the Town gives rise to a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1964 ("RICO"). The Town also alleges causes of action based upon the Civil Rights Act of 1871, 42 U.S.C. §§ 1985–1986, and the common law torts of conspiracy, negligence, and public nuisance.

The defendants filed a motion for summary judgment, which was denied by this court on June 20, 1990. A motion for reconsideration of that ruling was denied on July 26, 1990. The defendants filed this renewed motion for summary judgment on October 24, 1990, urging reconsideration of the court's ruling in light of the recent decision of the Second Circuit Court of Appeals, *West Hartford v. Operation Rescue*, 915 F.2d 92 (2d Cir.1990).[1]

Having reviewed *West Hartford*, and finding it on point, I grant the motion to reconsider my previous denial of summary judgment.

### 1. *The Civil RICO Claim*

The Town charges that the defendants organized and carried out a series of sit-ins, clinic invasions and blockades at local abortion clinics. Prior to each protest, the defendants informed Town officials that if the Town permitted the protest to go forward without interference, the defendants would in turn limit the number of protests and thus limit the expense to the Town of policing the protests. If the Town interfered with the protests, however, the Town would incur resistance and severe expense in carrying out arrests and court processing of the protesters. The Town alleges that this conduct constitutes extortion chargeable under the Hobbs Act, 18 U.S.C. § 1951. It further alleges that the defendants engaged in a pattern of such extortionate conduct within the meaning of

---

1. The initial two summary judgment motions were opposed by the Town, but no opposition has been filed to the renewed motion.

the RICO act, which caused economic injury to the plaintiff actionable under 18 U.S.C. § 1964(c).

The complaint in this case, both in its underlying factual basis and its legal claims, is extremely similar to that at issue in *West Hartford*.[2] The significance of this similarity for my purposes is that if I accept the legal reasoning of the Second Circuit, it is directly applicable to the civil RICO claims in this case.[3] Without rehearsing at length the holding of the *West Hartford*, it is sufficient to say that I am persuaded that the Second Circuit is correct in concluding that upon these facts, a plaintiff town cannot establish either the pattern of underlying racketeering acts of extortion in violation of 18 U.S.C. § 1951, or the requirement of 18 U.S.C. § 1964(c) that it has been "injured in [its] business or property by reason of a violation of section 1962", as required of a civil RICO plaintiff. Therefore, I do accept the reasoning of *West Hartford*, with one reservation. Like the dissent, I am inclined to think that the civil RICO claim should not be considered so frivolous as to warrant dismissal for lack of subject matter jurisdiction, but should rather fail on the merits.[4] This case comes to me in the posture of a motion for summary judgment, and it is in that posture I now rule in favor of the defendants.

## 2. The Civil Rights Claims

■ The Town also claims that Operation Rescue violated federal civil rights law, 42 U.S.C. §§ 1985–1986. The factual allegations underlying the Town's claims are as follows:

> The defendants have conspired to prevent by force, intimidation and threat police officers from discharging their duties and to injure police officers and the plaintiff Brookline in their persons and property. ¶ 79, Complaint.

> The defendants have conspired to prevent Brookline and the Brookline Police Department from securing to all persons the equal protection of the laws. ¶ 80, Complaint.

> The defendants had knowledge of and the power to prevent those acts, all of which violate the provisions of 42 U.S.C. § 1985 and have caused injury both tangible and intangible to Brookline, its police officers and citizens. ¶ 81, Complaint.

Paragraph 79 obviously tracks the language of § 1985(1). This subsection, however, only applies to federal officers, and thus provides no protection to the plaintiff state officials here. *See Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 718 (9th Cir.), *cert. denied*, 454 U.S. 967, 102 S.Ct. 510, 70 L.Ed.2d 383 (1981) (and cases cited therein). In its brief, the Town concedes that § 1985(1) is not relevant, but argues that a cause of action is available to it under these factual allegations pursuant to § 1985(3).[5]

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... [I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

---

**2.** The close congruity between the two complaints leads me to surmise that, confronted with a similar "rescue" plan formulated by the anti-abortion activists, the Town in one of the two cases styled its claim after the other.

**3.** In *West Hartford*, the plaintiffs withdrew their § 1985 claim so that the civil RICO count was the only federal claim ruled on by the Second Circuit.

**4.** I am mindful that the RICO statute is intended to be construed broadly by the courts. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497–98, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985). However, I am troubled by the increasingly "fanciful invocations of the draconian RICO weapon in civil litigation" as exhibited in its use here. *West Hartford*, 915 F.2d at 104.

**5.** 42 U.S.C. § 1985(3) provides in relevant part:

Read liberally, then, the civil rights conspiracy claim may be understood as alleging that while acting in furtherance of their conspiracy to deprive women seeking abortions of the equal protection of the laws, the defendants have injured the Town by forcing it to incur extraordinary expenses to thwart the illegal deprivation. The claim expressed in ¶ 81 of the complaint apparently asserts a derivative violation of 42 U.S.C. § 1986 against Operation Rescue for its failure to prevent the § 1985 injury.

Even so favorably stated, the claim fails because the Town lacks standing to prosecute this suit. At its most basic, standing has a constitutional dimension, "whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Article III." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). The plaintiff must allege that he himself has been injured by the challenged action. Moreover, "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499, 95 S.Ct. at 2205. These ordinary principles of standing apply unless the statute indicates otherwise. *Id.* at 500–01, 95 S.Ct. at 2205–06.

Examined under this standard, it is clear that the Town's interest is insufficient to confer standing. An element of a claim under 42 U.S.C. § 1985 is injury resulting from the conspiracy, although the plaintiff need not be the one the conspirators intend to deny equal protection. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Although some peripheral harm to the Town has been caused by the alleged injury here, it remains too distant from the plain language of the statute, which gives a cause of action to "the party so injured or deprived." It is simply too remote to argue that a town's costs incurred while policing are injuries intended to be actionable within the meaning of the statute. There is nothing in the law of § 1985(3) which suggests an exception to the ordinary principles of standing might be implied. *Warth v. Seldin,* 422 U.S. at 500–01, 95 S.Ct. at 2205–06.

An invocation of *parens patriae* standing on behalf of the citizens of the Town is likewise unavailing. *Parens patriae* standing is not available to political subdivisions of the state. *Prince George's County v. Levi,* 79 F.R.D. 1, 4 (D.Md.1977) (and cases cited therein).[6]

Dismissal of the § 1985 claims mandates dismissal of the § 1986 claim raised by ¶ 81 of the complaint, as violation of § 1985 is necessary to an action for violation of § 1986. *Hahn v. Sargent,* 523 F.2d 461, 470 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

3. *The State–Law Claims*

The exercise of pendent jurisdiction over state-law claims is purely discretionary. "[If] the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Having granted summary judgment for the defendants on all federal claims, I decline to retain jurisdiction over the state-law claims.

The motion for summary judgment on counts one and three is therefore GRANTED. The state-law claims, counts two, four and five are DISMISSED.

SO ORDERED.

---

**6.** Neither can the Town invoke organizational standing on behalf of the persons harmed by the alleged illegal actions of the defendants. *See Prince George's County,* 79 F.R.D. at 5. ("It cannot be seriously argued that the residents of [the municipality] are 'members' of an organization of the same name for standing purposes. To do so would simply restate the concept of standing as *parens patriae* in a way that avoided its limitations ... and would not demonstrate that plaintiff has the personal stake in the outcome of this controversy which organizational plaintiffs must have along with all plaintiffs.")